(96 App. Div. 399.)

SWEENY et al. v. KELLOGG.

(Supreme Court, Appellate Division, First Department. July 13, 1904.)

1. JUDGMENT ROLL—NOTICES OF TRIAL.

Under Code, § 1237, providing what papers shall constitute the judgment roll, and not specifying notices of trial as such, notices of trial cannot be included in the judgment roll, and must be stricken therefrom on motion.

Appeal from Special Term, New York County.

Action by Mary Sweeny, as administratrix, and another, against L, Laflin Kellogg. From an order denying a motion to amend the judgment roll by striking therefrom notices of trial, defendant appeals. Reversed.

See 85 N. Y. Supp. 683.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Franklin Nevins, for appellant.
William R. Conklin, for respondents.

McLAUGHLIN, J. This appeal is from an order denying defendant's motion to amend the judgment roll by striking therefrom certain notices of trial.

We think the motion should have been granted. Notices of trial are no part of the judgment roll, and whenever included therein, and complaint is made, they should be stricken out. Dexter v. Dustin, 70 Hun, 515, 24 N. Y. Supp. 129. Section 1237 of the Code provides what papers shall constitute the judgment roll, and the notices of trial are not among the papers specified. If the respondents deem it of importance that the notices of trial should be printed in the case on appeal, then, unless the appellant includes them in his proposed case, the respondents can ask, by way of a proposed amendment thereto, that they be included therein.

The order appealed from, therefore, must be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.